**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF MISSOURI**
**WESTERN DIVISION**

| | |
|---|---|
| TYLER M. PAETKAU, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>HUSCH BLACKWELL LLP; THE EXECUTIVE BOARD OF HUSCH BLACKWELL LLP, AND ITS MEMBERS Joe Glynias, Jamie Lawless, Jen Dlugosz, Julie Miceli, Joe Geraci, Hayley Hanson, Phil Koutnik, Ann Maher, Nikelle Meade, Sonni Nolan, Tom Shorter, Rudy Telscher, Ed Wilson, Jai Khanna, and J.Y. Miller; and Does 1-30,<br><br>Defendants. | Case No. 4:25-cv-00721<br><br>**JURY TRIAL DEMANDED** |

**CLASS COMPLAINT**

## I. COMPLAINT

1. Plaintiff Tyler M. Paetkau, by and through his undersigned attorneys, on behalf of the Husch Blackwell LLP 401(k) Plan (the "Plan") and all others similarly situated, states and alleges as follows:

## II. INTRODUCTION

2. This action involves ongoing breaches of fiduciary duties under the Employee Retirement Income Security Act, 29 U.S.C. §§ 1001–1461 ("ERISA"), by the fiduciaries of the Plan.

3. These fiduciaries include Husch Blackwell LLP ("Husch Blackwell" or the "Firm") the Firm's Executive Board and its members (the "Executive Board"), and John Does 1–30 (collectively, "Defendants" or the "Husch Blackwell Defendants").

4. The Husch Blackwell Defendants' breaches of fiduciary duty arise from a deliberate scheme to use their employees' retirement plan contributions for the Firm's own benefit.

5. Employees of Husch Blackwell save for retirement by participating in the Plan and contributing a portion of their wages to their retirement account. Throughout the Class Period (as defined below), the Firm withheld employee contributions from employee paychecks for the purpose of sending the funds to the Plan, after which point the Plan's fiduciaries would then allocate these contributions to the employee's individual retirement account.

6. The Husch Blackwell Defendants, however, did not send all employee contributions to the Plan in a timely manner as required by ERISA. Instead, the Husch Blackwell Defendants kept these contributions for months at a time and, according to the Firm's benefits personnel, used them to pay the Firm's operating expenses.

## III. OVERVIEW OF CLAIMS

7. After receiving an offer letter dated May 6, 2022, Plaintiff went to work for the Firm on or about May 22, 2022. Among the benefits that the Firm offered to Plaintiff was the opportunity to save for retirement through participation in the Plan. The Firm deducts from each paycheck a certain amount from Plaintiff's wages for contribution to the Plan. The Firm must send these funds to the Plan by the 15th business day of the next month, after which time they become Plan assets. 29 C.F.R. §§ 2510.3–102(a)(1) and (b)(1).

8. Rather than sending Plaintiff's contributions to the Plan in a timely manner as required, the Husch Blackwell Defendants used and continue to use these funds to pay the Firm's operating expenses.

9. The Husch Blackwell Defendants' scheme to retain employees' contributions creates a sizable pool of assets inaccessible to the Plan, its participants, and its beneficiaries, depriving them of their right to seek an investment return on their retirement savings. The Husch Blackwell Defendants' conduct significantly undermines the prudent and loyal governance of the Plan.

10. To remedy the Husch Blackwell Defendants' breaches of fiduciary duty, Plaintiff brings this action under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), on behalf of the Plan, and as a representative on behalf of a class of participants and beneficiaries of the Plan, to enforce the Husch Blackwell Defendants' personal liability under ERISA § 409(a), 29 U.S.C. § 1109(a).

11. Plaintiff seeks to hold the Husch Blackwell Defendants liable to the Plan to make good to the Plan all losses resulting from each breach of fiduciary duty and to restore to the Plan any profits the Husch Blackwell Defendants may have made through the use of Plan assets during the time period from September 16, 2019, to the date of judgment (the "Class Period"). In addition, Plaintiff seeks such other remedial and equitable plan-wide relief for the Plan as the Court may deem appropriate.

12. Plaintiff did not have knowledge of all material facts necessary to understand that Defendants breached their fiduciary duties until shortly before filing the Complaint. Further, Plaintiff does not have actual knowledge of the specifics of Defendants' decision-making processes with respect to the Plan, including the processes for keeping records, interpreting the Plan provisions and deciding questions concerning the Plan, and enforcing rules and regulations necessary for administering the Plan. This information is solely within the possession of the Husch Blackwell Defendants at present. For purposes of this Complaint, Plaintiff has drawn reasonable and plausible inferences regarding these processes based upon the facts alleged in this Complaint.

## IV. PARTIES

### A. Plaintiff

13. Tyler M. Paetkau brings this suit on behalf of the Plan and on behalf of a class of participants and beneficiaries of the Plan affected by the challenged conduct of the Husch Blackwell Defendants. Throughout the relevant time period, Plaintiff was an employee of the Firm and a participant in the Plan. As a Plan participant and an employee whose wages were withheld but not remitted to the Plan in a timely manner, Plaintiff suffered injury due to Defendants' ERISA violations.

### B. Defendants

14. Husch Blackwell is a Wisconsin limited liability partnership headquartered in Kansas City, Missouri. At all relevant times, Husch Blackwell was the Plan's Sponsor as well as the Plan Administrator under ERISA § 3(16), 29 U.S.C. § 1002(16), and a named fiduciary under ERISA § 402(a), 29 U.S.C. § 1102(a). The Firm was also a fiduciary of the Plan under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised discretionary authority and control respecting the management and administration of the Plan.

15. The Executive Board consists of a Chair, Chief Executive, and eleven other equity partners. The Executive Board is a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), because it exercised discretionary authority and control respecting the management and administration of the Plan, which includes funding, Plan amendments, and partner contributions. Members of the Firm's Executive Board have included but are not limited to the following: Defendants Joe Glynias, Jamie Lawless, Jen Dlugosz, Julie Miceli, Joe Geraci, Hayley Hanson, Phil Koutnik, Ann Maher, Nikelle Meade, Sonni Nolan, Tom Shorter, Rudy Telscher, Ed Wilson, Jai Khanna, and J.Y. Miller.

16. The Firm and members of the Executive Board are also parties in interest to the Plan under ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C), because each was a fiduciary of the Plan, and because the Firm was the employer of participants in the Plan.

17. Because Plaintiff is currently unaware of the identities of all the individual members of the Executive Board or others who are or may have been responsible for the management and control of the assets of the Plan during the Class Period, those individuals are collectively named as Defendants John Does 1–30 ("Doe Defendants"). Plaintiff will substitute the real names of the Doe Defendants when they become known to Plaintiff. To the extent the Husch Blackwell

Defendants delegated any of their fiduciary functions to another person or entity, the nature and extent of which has not been disclosed to Plaintiff, each such person or entity to which the function was delegated is also a fiduciary under ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), and is thus alleged to be a Doe Defendant.

## V. JURISDICTION AND VENUE

18. This Court has subject matter jurisdiction over this action under ERISA § 502(e)(1), 29 U.S.C. § 1132(e)(1), and 28 U.S.C. § 1331 because it is an action under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2).

19. This Court has general personal jurisdiction over Husch Blackwell, which is headquartered in this District, and over any other defendants that reside in this District. This Court has specific personal jurisdiction over all Husch Blackwell Defendants because they took the actions described herein in this District through the management of the Plan.

20. This District and Division are the proper venue for this action under ERISA § 502(e)(2), 29 U.S.C. § 1132(e)(2), and 28 U.S.C. § 1391(b) because they are the District and Division in which the subject Plan is administered and where at least one of the alleged breaches took place. They are also the District and Division in which Defendant Husch Blackwell's headquarters is located.

## VI. ERISA'S FIDUCIARY DUTY STANDARDS

### A. Fiduciary Duties of Loyalty and Prudence Under ERISA

21. ERISA's fiduciary duties are the highest known to the law. ERISA imposes strict fiduciary obligations on the Husch Blackwell Defendants, including the duty of prudence, the duty of loyalty, and the requirement to refrain from any prohibited transactions.

22. Under ERISA's anti-inurement provision, the assets of a plan shall never inure to the benefit of any employer and shall be held for the exclusive purposes of providing benefits to participants in the plan and their beneficiaries and defraying reasonable expenses of administering the plan. ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1).

23. Under ERISA's duty of loyalty, the Plans' fiduciaries must exercise their discretion "solely in the interest of the participants and beneficiaries" and "for the exclusive purpose of . . . providing benefits to participants and their beneficiaries." ERISA § 404(a)(1), 29 U.S.C. § 1104(a)(1). This requires fiduciaries to act "with an eye single to the interests of the participants and beneficiaries." *Donovan v. Bierwirth*, 680 F.2d 263, 271 (2d Cir. 1982).

24. The duty of prudence required Defendants to discharge their responsibilities "with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent [person] acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims." ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B). The fiduciaries' "repeated efforts to plunder the Plan's assets . . . demonstrate[d] that they were administering the Plan neither for the sole benefit of Plan participants . . . nor with the skill and care of a prudent person." *Chao v. Malkani*, 452 F.3d 290, 294 (4th Cir. 2006).

25. Section 404(a)(1)(D) of ERISA also requires each plan fiduciary to act "in accordance with the documents and instruments governing the plan," except when those documents themselves violate ERISA. 29 U.S.C. § 1104(a)(1)(D).

**B. Prohibited Transactions**

26. The general duties of loyalty and prudence imposed by ERISA § 404, 29 U.S.C. § 1104, are supplemented by a detailed list of transactions that are expressly prohibited by ERISA

§ 406, 29 U.S.C. § 1106, and are considered "per se" violations because they entail a high potential for abuse.

27. ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits fiduciaries from transferring plan assets to a "party in interest."

28. ERISA § 406(b), 29 U.S.C. § 1106(b), further provides, in pertinent part, that:

> A fiduciary with respect to a plan shall not—
> (1) deal with the assets of the plan in his own interest or for his own account,
> (2) in his individual or in any other capacity act in any transaction involving the plan on behalf of a party (or represent a party) whose interests are adverse to the interests of the plan or the interests of its participants or beneficiaries, or
> (3) receive any consideration for his own personal account from any party dealing with such plan in connection with a transaction involving the assets of the plan.

**C. Fiduciary Liability Under ERISA**

29. Under ERISA § 409, 29 U.S.C. § 1109, fiduciaries to the Plan are personally liable to make good to the Plan any harm caused by their breaches of fiduciary duties. ERISA § 409(a), 29 U.S.C. § 1109(a), provides in relevant part:

> Any person who is a fiduciary with respect to a plan who breaches any of the responsibilities, obligations, or duties imposed upon fiduciaries by this subchapter shall be personally liable to make good to such plan any losses to the plan resulting from each such breach, and to restore to such plan any profits of such fiduciary which have been made through use of assets of the plan by the fiduciary, and shall be subject to such other equitable or remedial relief as the court may deem appropriate, including removal of such fiduciary.

30. ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), is the enforcement mechanism of ERISA § 409, 29 U.S.C. § 1109. It enables participants and beneficiaries to bring civil actions to seek appropriate relief under ERISA § 409(a), 29 U.S.C. § 1109(a).

### D. Co-Fiduciary Liability Under ERISA

31. ERISA provides for co-fiduciary liability where a fiduciary knowingly participates in, or knowingly fails to cure, a breach by another fiduciary. Specifically, under ERISA § 405(a), 29 U.S.C. § 1105(a), a fiduciary shall be liable for a breach of fiduciary duty by a co-fiduciary:

> (1) if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach;
> (2) if, by his failure to comply with section 1104(a)(1) of this title in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach; or
> (3) if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach.

## VII. HUSCH BLACKWELL 401(K) PLAN

32. The Plan is a defined contribution plan as described in Section 401(k) of the Internal Revenue Code, I.R.C. § 401(k), and is subject to the provisions of ERISA. The Plan is established and maintained under a written document in accordance with ERISA § 402(a), 29 U.S.C. § 1102(a).

33. The Plan is funded by both employer and employee contributions.

34. The Plan Administrator, Husch Blackwell LLP, is a "named fiduciary" for purposes of ERISA § 402(a)(2), 29 U.S.C. § 1102(a)(2), with authority to control and manage the operation and administration of the Plan. As a fiduciary, the Firm is responsible for complying with all of the reporting and disclosure requirements of Part 4 of Subtitle B of Title I of ERISA. Defendant Husch Blackwell is also the Sponsor of the Plan.

## VIII. HUSCH BLACKWELL'S BREACHES OF FIDUCIARY DUTIES

35. Defendant Husch Blackwell breached fiduciary duties under ERISA by, among other things, failing to administer the plan prudently and in the best interests of the Plan and its participants, and engaging in prohibited transactions and self-dealing. The members of the

Executive Board either made or orchestrated key decisions that enabled these breaches. The members of the Executive Board also failed to monitor or prevent each other's breaches, further violating their duties to the Plan.

36. The Husch Blackwell Defendants deduct millions of dollars annually from eligible employees' pay as contributions to the Plan. Once deducted from employees' pay, the funds become assets of the Plan to be held in trust for the exclusive benefit of the Plan and its participants.

37. Under the Department of Labor's regulation implementing ERISA, "in no event" may the employer deposit an employee's contribution to the retirement plan later than the 15th business day of the month following the month in which the employer withheld such contribution from the employee. 29 C.F.R. § 2510.3–102(b)(1).

38. The Husch Blackwell Defendants do not send all employee contributions to the Plan in a timely manner, but rather wait until the following year to remit the funds to the Plan while continuing to withhold contributions from employee pay.

39. For example, from July through December 2023, the Husch Blackwell Defendants withheld $2,475 from each of Plaintiff's semi-monthly paychecks as a "mandatory year-end" contribution to the Plan. The Husch Blackwell Defendants deposited the withheld funds in Plaintiff's Plan account during the first three months of the following year, 2024.

40. From January through March 2024, the Husch Blackwell Defendants withheld $1,293.75 from each of Plaintiff's semi-monthly paychecks as a "mandatory year-end" contribution to the Plan. From April through December 2024, Defendant Husch Blackwell withheld $143.75 from each of Plaintiff's semi-monthly paychecks as a "mandatory year-end" contribution to the Plan. Defendant Husch Blackwell deposited the withheld funds in Plaintiff's Plan account during the first three months of the following year, 2025.

41. From January through July 2025, the Husch Blackwell Defendants withheld $1,021 from each of Plaintiff's semi-monthly paychecks as a "mandatory year-end" contribution to the Plan but never deposited any of it in his Plan account.[1]

42. The Husch Blackwell Defendants commingle these unremitted employee contributions with the Firm's assets and use them for the Firm's operating expenses, according to Kelly Olvera, the Firm's Benefits and Retirement Manager. This practice permits the Firm to use Plan assets for its own benefit instead of for the exclusive purpose of providing benefits to Plan participants.

43. The Husch Blackwell Defendants do not provide Plaintiff with accountings, investment returns, or earned interest for the withheld amount.

## IX. CLASS ACTION ALLEGATIONS

44. ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), authorizes any participant or beneficiary of the Plan to bring an action to enforce a breaching fiduciary's liability to the Plan under ERISA § 409(a), 29 U.S.C. § 1109(a).

45. In acting in this representative capacity and to enhance the due process protections of unnamed participants and beneficiaries of the Plan, as an alternative to a direct individual action on behalf of the Plan under ERISA § 502(a)(2), 29 U.S.C. § 1132(a)(2), Plaintiff seeks to certify this action as a class action on behalf of the Plan's participants and beneficiaries. Specifically, Plaintiff seeks to certify, and to be appointed as representative of the following class (the "Class"):

---

[1] All earnings withheld as mandatory year-end profit-sharing in 2025 (deducted from January through August 15, 2025) were reimbursed to Plaintiff, without any interest added, as memorialized in his August 29, 2025 pay statement. This amounted to $15,315 total. The Firm's Partner Summary Plan Description for the Husch Blackwell LLP 401(k) Plan, dated January 2022, explains that the Firm maintains a policy that a partner's mandatory year-end profit-sharing contributions "will not apply" if the partner leaves the Firm before the end of a year. Benefits and Retirement Manager Kelly Olvera further confirmed to Plaintiff via an email dated January 10, 2025, that leaving the Firm for any reason would mean that "the contributions withheld as Mandatory Y-E PS…will be returned to you…as taxable income." Plaintiff's receipt of a lump sum in the amount of his combined 2025 mandatory year-end profit-sharing total reflects the fact that Plaintiff's last day at the Firm was August 29, 2025.

> **Class Definition:** All participants of the Plan whose wages were withheld by the Firm but not remitted to the Plan by the 15th business day of the month following the month in which the Firm withheld such wages, from September 16, 2019 through the date of judgment, excluding the Husch Blackwell Defendants, and any officers or employees of Defendant Husch Blackwell with responsibility for the Plan's administrative function.

46. This action meets the requirements of Rule 23 of the Federal Rules of Civil Procedure and is certifiable as a class action for the following reasons:

a. The Class includes approximately 400 members and is so large that joinder of all its members is impracticable.

b. There are numerous questions of law and fact common to the Class because the Defendants owed the same fiduciary duties to the Plan and to all participants and beneficiaries and took a common course of conduct as alleged herein as to the Plan that affected all Class members through their participation in the Plan in the same way. Thus, questions of law and fact common to the Class include the following: (1) what are the losses to the Plan and the Class resulting from each breach of fiduciary duty; and (2) what Plan-wide equitable and other relief should the Court impose in light of Defendants' breaches of duty.

c. Plaintiff's claims are typical of the claims of the Class because Plaintiff was a participant at all relevant times and remains a participant under ERISA § 3(7), 29 U.S.C. § 1002(7). Plaintiff and the Class were harmed by Defendants' misconduct.

d. Plaintiff is an adequate representative of the Class because he participated in the Plan at all relevant times, remains a participant under ERISA § 3(7), 29 U.S.C. § 1002(7), has no interest that conflicts with the Class, is committed to the vigorous

representation of the Class, and has engaged experienced and competent attorneys to represent the Class.

e. There are no substantial individualized questions of law or fact among Class members on the merits of this Action.

47. Prosecution of separate actions for these breaches of fiduciary duties by individual participants and beneficiaries would create the risk of inconsistent or varying adjudications that would establish incompatible standards of conduct for the Defendants with respect both to the discharge of their fiduciary duties to the Plan and the Class and to their personal liability to the Plan and the Class. Moreover, adjudications by individual participants and beneficiaries regarding the alleged breaches of fiduciary duties and remedies for the Plan and the Class would, as a practical matter, be dispositive of the interests of the participants and beneficiaries not parties to the adjudication or would substantially impair or impede those participants' and beneficiaries' ability to protect their interests. Therefore, this action should be certified as a class action under Rule 23(b)(1)(A) or (B).

48. Additionally, or in the alternative, certification under Rule 23(b)(2) is appropriate because the Defendants have acted or refused to act on grounds that apply generally to the Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole.

49. Additionally, or in the alternative, this action may be certified as a Class under Rule 23(b)(3). A class action is the superior method for the fair and efficient adjudication of this controversy because joinder of all participants and beneficiaries is impracticable, the losses suffered by individual participants and beneficiaries may be small and it is impracticable for individual members to enforce their rights through individual actions, and the common questions

of law and fact predominate over individual questions. Given the nature of the allegations, no Class member has an interest in individually controlling the prosecution of this matter, and Plaintiff is aware of no difficulties likely to be encountered in the management of this matter as a class action.

50. Additionally, or alternatively, this action may be certified with respect to particular issues under Rule 23(c)(4), including, but not limited to, Defendants' liability to the Plan and the Class for their alleged misconduct.

51. Plaintiff's counsel, Sanford Heisler Sharp McKnight, LLP and Fell Law, PC, will fairly and adequately represent the interests of the Class and are best able to represent the interests of the Class under Rule 23(g).

## X. CAUSES OF ACTION

### COUNT I

**Breach of the Exclusive Purpose Requirement**

**(Violation of ERISA § 403, 29 U.S.C. § 1103)**

**(Against All Defendants)**

52. Plaintiff restates and incorporates the allegations contained in the preceding paragraphs.

53. The Firm withheld retirement plan contributions from its employees' paychecks.

54. The withheld funds become Plan assets as soon as they can reasonably be separated from the Firm's general assets.

55. The Husch Blackwell Defendants failed to remit all employee contributions to the Plan after they could have reasonably segregated the employee contributions from the Firm's general assets.

56. Instead, the Husch Blackwell Defendants retained these contributions, which had become Plan assets, for months at a time, and used them to pay the Firm's operating expenses.

57. ERISA § 403(c)(1), 29 U.S.C. § 1103(c)(1), requires plan assets to be held only for the exclusive purposes of providing benefits to plan participants and defraying reasonable plan administration expenses. It expressly forbids plan assets inuring to any employer's benefit.

58. By their actions and omissions, the Husch Blackwell Defendants allowed Plan assets to inure to the direct benefit of the Firm.

59. The Husch Blackwell Defendants are therefore liable under ERISA § 409(a), 29 U.S.C. § 1109(a), for the harm suffered by the Plan.

## COUNT II

### Breaches of the Duties of Loyalty

### (Violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A))

### (Against All Defendants)

60. Plaintiff restates and incorporates the allegations contained in the preceding paragraphs.

61. At all relevant times, the Husch Blackwell Defendants acted as fiduciaries within the meaning of ERISA § 3(21)(A), 29 U.S.C. § 1002(21)(A), by exercising authority and control with respect to the management of the Plan and its assets.

62. As Plan fiduciaries, the Husch Blackwell Defendants had a duty under ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A), to act in the sole interest of Plan participants and beneficiaries.

63. During the relevant period, the Husch Blackwell Defendants failed to promptly segregate and remit all employee contributions to the Plan as required by ERISA.

64. Instead, the Husch Blackwell Defendants allowed employees' contributions, which had become Plan assets, to commingle with the Firm's general funds for months at a time and be used to pay the Firm's operating expenses.

65. Diversion of employee contributions to pay the Firm's operating expenses was not in the best interest of Plan participants or beneficiaries and was, therefore, disloyal.

66. By their actions and omissions, the Husch Blackwell Defendants failed to discharge their duties to the Plan solely in the interests of Plan participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying reasonable Plan administration expenses, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A).

67. The Husch Blackwell Defendants are therefore liable under ERISA § 409(a), 29 U.S.C. § 1109(a), for harms suffered by the Plan.

## COUNT III

**Breaches of the Duties of Prudence**

**(Violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B))**

**(Against All Defendants)**

68. As Plan fiduciaries, the Husch Blackwell Defendants had a duty under ERISA § 404(a)(1)(B), 29 U.S.C. 1104(a)(1)(B), to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent man acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims.

69. A prudent person acting in a fiduciary capacity in similar circumstances would promptly segregate and remit all employee contributions to the Plan in a timely manner as required

by ERISA so that the Plan and its participants could seek a reasonable investment return on their retirement savings.

70. By their actions and omissions, the Husch Blackwell Defendants deprived the Plan and its participants of their right to seek a reasonable investment return on their retirement savings for months at a time.

71. Therefore, the Husch Blackwell Defendants failed to act with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B).

72. The Husch Blackwell Defendants are therefore liable under ERISA § 409(a), 29 U.S.C. § 1109(a), for harms suffered by the Plan.

## COUNT IV

**Prohibited Transactions**

**(Violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D))**

**(Against All Defendants)**

73. Plaintiff restates and incorporates the allegations contained in the preceding paragraphs.

74. ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D), prohibits fiduciaries from transferring plan assets to a "party in interest."

75. The Firm, as Plan sponsor, as a fiduciary, and as an employer whose employees were and continue to be covered by the Plan, was a "party in interest" to the Plan. ERISA §§ 3(14)(A) and (C), 29 U.S.C. §§ 1002(14)(A) and (C).

76. During the relevant time period, the Husch Blackwell Defendants withheld employees' Plan contributions from employees' paychecks. Once withheld, these funds automatically become Plan assets.

77. Instead of remitting all employee contributions to the Plan in a timely manner as required by ERISA, the Husch Blackwell Defendants retained the funds for themselves and used them to pay the Firm's general operating expenses.

78. By their actions and omissions, the Husch Blackwell Defendants caused the Plan to enter into transactions that they knew or should have known constituted prohibited transfers of Plan assets to a party in interest in violation of ERISA § 406(a)(1)(D), 29 U.S.C. § 1106(a)(1)(D).

79. The Husch Blackwell Defendants are therefore liable under ERISA § 409(a), 29 U.S.C. § 1009(a), for harms suffered by the Plan.

## COUNT V

### Self-Dealing

### (Violation of ERISA § 406(b), 29 U.S.C. § 1106(b))

### (Against All Defendants)

80. Plaintiff restates and incorporates the allegations contained in the preceding paragraphs.

81. ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1), prohibits Plan fiduciaries, such as the Husch Blackwell Defendants, from dealing with Plan assets in their "own interest" or for their "own account."

82. ERISA § 406(b)(2), 29 U.S.C. § 1106(b)(2), prohibits Plan fiduciaries, such as the Husch Blackwell Defendants, from acting in any transaction involving the Plan on behalf of a party whose interests are adverse to the interests of the Plan or its participants and beneficiaries.

83. During the relevant time period, the Husch Blackwell Defendants used Plan assets to pay the Firm's general operating expenses, which benefited the Firm's business interests at the expense of the Plan and its participants and beneficiaries.

84. By their actions and omissions, the Husch Blackwell Defendants engaged in prohibited self-dealing in violation of ERISA §§ 406(b)(1) and (2), 29 U.S.C. §§ 1106(b)(1) and (2).

85. The Husch Blackwell Defendants are therefore liable under ERISA § 409(a), 29 U.S.C. § 1109(a), for harms suffered by the Plan.

**COUNT VI**

**Breach of Co-Fiduciary Duty**

**(Violation of ERISA § 405(a)(1)-(3), 29 U.S.C. § 1105(a)(1)-(3))**

**(Against All Defendants)**

86. Plaintiff restates and incorporates the allegations contained in the preceding paragraphs.

87. A fiduciary with respect to a plan is liable for the breach "of another fiduciary" for the same plan "if he participates knowingly in, or knowingly undertakes to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach," ERISA § 405(a)(1), 29 U.S.C. § 1105(a)(1), or "if, by his failure to comply with [his fiduciary duties] in the administration of his specific responsibilities which give rise to his status as a fiduciary, he has enabled such other fiduciary to commit a breach," ERISA § 405(a)(2), 29 U.S.C. § 1105(a)(2), or "if he has knowledge of a breach by such other fiduciary, unless he makes reasonable efforts under the circumstances to remedy the breach," ERISA § 405(a)(3), 29 U.S.C. § 1105(a)(3).

88. Defendants are liable as co-fiduciaries with respect to the above-described violations because they participated knowingly in their co-fiduciaries' breaches; imprudently and disloyally enabled other fiduciaries to breach their duties under ERISA; enabled their co-fiduciaries to commit the breaches; and failed to make any reasonable efforts to remedy the breaches.

89. The Husch Blackwell Defendants are therefore liable under ERISA § 405(a)(1)–(3), 29 U.S.C. § 1105(a)(1)–(3), for harms suffered by the Plan.

## XI. JURY TRIAL DEMANDED

90. Pursuant to Federal Rule of Civil Procedure 38 and the Constitution of the United States, Plaintiffs demand a trial by jury.

## XII. PRAYER FOR RELIEF

91. For these reasons, Plaintiff, on behalf of the Plan and all similarly situated Plan participants and beneficiaries, respectfully requests that the Court:

a. find and adjudge that the Husch Blackwell Defendants have breached their fiduciary duties, have engaged in prohibited transactions including fiduciary self-dealing, and/or have improperly held Plan assets, as described above;

b. find and adjudge that the Husch Blackwell Defendants are personally liable to make good to the Plan the losses to the Plan resulting from each breach of fiduciary duty, and to otherwise restore the Plan to the position it would have occupied but for the breaches of fiduciary duty;

c. order the Husch Blackwell Defendants to make good to the Plan the losses resulting from each breach of fiduciary duty and to restore to the Plan any profits resulting from each breach of fiduciary duty;

d. find and adjudge that the Husch Blackwell Defendants are liable to the Plan for appropriate equitable relief, including, but not limited to, restitution and disgorgement;

e. determine the method by which Plan losses under ERISA § 409(a), 29 U.S.C. § 1109(a), should be calculated;

f. impose surcharge against the Husch Blackwell Defendants and in favor of the Plan of all amounts involved in any transactions which such accounting reveals were improper, excessive, and/or in violation of ERISA;

g. remove the Husch Blackwell Defendants as fiduciaries of the Plan and enjoin them from future ERISA violations;

h. appoint an independent fiduciary for the Plan with plenary authority and control over the Plan;

i. determine the method by which losses to the Plan under ERISA § 409(a), 29 U.S.C. § 1109(a), should be calculated;

j. order the proceeds of any Plan-wide recovery for the Plans to be allocated to the accounts of members of the Classes to make them whole for any injury that they have suffered as a result of the breaches of ERISA in accordance with the Court's declaration;

k. order the Husch Blackwell Defendants to provide all accountings necessary to determine the amounts the Husch Blackwell Defendants must make good to the Plans under ERISA § 409(a), 29 U.S.C. § 1109(a);

l. order the Husch Blackwell Defendants to pay the fees charged and costs incurred by the independent fiduciary or its agents in administering the Plan and its assets;

m. certify the Class, appoint the Plaintiff as a class representative, and appoint Sanford Heisler Sharp McKnight, LLP and Fell Law, PC as the Class counsel;

n. award to the Plaintiff and the Class their attorneys' fees and costs under ERISA § 502(g)(1), 29 U.S.C. § 1132(g)(1), and the common fund doctrine;

o. order the Husch Blackwell Defendants to pay interest to the extent allowed by law; and

p. grant such other equitable or remedial relief as the Court deems appropriate.

Dated: September 16, 2025

By:

*/s/ Robert Sullivan*

Robert Sullivan MO #23870
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
6409 W. 92nd Street
Overland Park, KS 66212
Telephone: (816) 309-6840
Email: rsullivan@sanfordheisler.com

Charles Field*
Myounghee Choung*
**SANFORD HEISLER SHARP MCKNIGHT, LLP**
7911 Herschel Avenue, Suite 300
San Diego, CA 92037
Telephone: (619) 577-4242
Facsimile: (619) 577-4250
Email: cfield@sanfordheisler.com
Email: dchoung@sanfordheisler.com

Bibianne Fell*
**FELL LAW, PC**
10680 Treena Street, Suite 160

San Diego, CA 92131
Telephone: (858) 201-3960
Facisimile: (858) 201-3966
Email: bibi@fellfirm.com

Attorneys for Plaintiff
* Admission *pro hac vice* forthcoming